NATIONAL PIPE PRODUCTS CORPORATION et al. v. NATIONAL GOLF COURSE CO. et al.

No. 4262.

District Court, E. D. Michigan, S. D.

July, 1931.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill. (Francis D. Hardesty, of Detroit, Mich., of counsel), for plaintiffs.

Robert M. Drysdale, of Detroit, Mich., for defendants.

SIMONS, District Judge.

This is the usual patent infringement suit for the alleged infringement of the Fairbairn patent, No. 1,559,520, for golf putting greens and similar playing surfaces. It is submitted to the court upon stipulation and testimony taken before a notary. It is stipulated that Fairbairn and McCart, the plaintiffs, are the joint owners of the letters patent in the suit; that National Pipe Products Corporation is the exclusive licensee for the state of Michigan; and that the patent, if valid, has been infringed by the defendants.

The invention described in the patent in the suit relates to new and useful improvements in method of constructing the surfaces of playing fields, and particularly adapted for the surfaces of putting greens for golf courses. One of the objects of the invention is to provide a surface for putting greens adapted for use on arid land, which surface will be as near as possible in appearance and effect as the densely-growing, closely-cropped grass, which makes the ideal putting green surface.

Another object of the invention is to use material in which a certain amount of surface friction may be had, rendering the surface action of the golf ball identical with its surface action on a grass green; and still another object of the invention is to use a material which is resistant to moisture. Other objects of the invention are to bring about economy of cost, both in construction and maintenance, and to use a material which will withstand heavy play without disturbing or affecting the putting surface and which may be dyed to simulate a grass putting green. These objects are claimed to be accomplished by covering a prepared and properly shaped surface with a suitable flocculent mass, and this flocculent mass is compressed by rolling or other compression. The pat-

entee has found that a most desirable surface can be had by use of ground cotton-seed hulls, in which the hull portions still retain a certain amount of cotton fiber adhering thereto.

Such evidence as has been submitted to the court indicates that the patented greens have been very favorably received by the trade, and have enjoyed a wide commercial success; that they have displaced other putting surfaces competing therewith; and that they are simple, inexpensive, economical in maintenance; and this evidence is not in any way challenged.

It further appears that the plaintiff had brought a great many previous suits against other infringers, none of whom, however, undertook to defend, either by challenging the validity of the patent or denying infringement. A defense is here submitted, but not supported either by testimony, expert or otherwise, or by argument. It consists merely of depositing in the lap of the court a host of prior art references, covering a wide range of prior art surfaces and materials, from pavements to door mats, and from plush traveling rugs to packing for journals of railway cars. Most of them have no pertinency whatsoever. The only prior art patents which are entitled to any consideration at all are the Smith patent, No. 815,649, which discloses a putting mat made of asbestos felt or sponge rubber; the Stedman patent, No. 957,387, for an artificial playing-bed, having a rubber surface; and the Flynn patent, No. 1,513,978, for a putting green surface made of cattle hair, comprising bristly fibres. No one of these three references can be seriously regarded as an anticipation. Nor in the absence of analysis and comparison should much weight be given to them, in the face of the presumptive validity of the patent that arises from its grant, the wide commercial success of the patent in practice, and the undoubted tribute paid it by the present and prior infringers. The patent in suit is held valid in all of its claims, and infringed by the present defendants.

A decree may be entered in accordance with the prayer of the bill and in conformity with this opinion.